UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

VALERIE MARGARET MARINO,

Plaintiff,

v.

PNC BANK, N.A.,

Defendant.

Case No. 3:17-cv-00179-MMD-CBC

AMENDED ORDER[1]

**I. SUMMARY**

Plaintiff Valerie Margaret Marino brought this action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, against PNC Bank, N.A. ("PNC"), a mortgage loan servicer. (ECF No. 44 (Plaintiff's First Amended Complaint ("FAC")).) PNC moves to dismiss the FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Motion"). Having reviewed Marino's response (ECF No. 48) and PNC's reply (ECF No. 49), the Court will grant the Motion.

**II. BACKGROUND**

The relevant facts are taken from the FAC (ECF No. 44).

Marino obtained a mortgage with PNC. Thereafter, in 2013, she filed for bankruptcy. The bankruptcy court "discharge[d] her *in personam* liability for . . . any debt owed to PNC." (*Id.* at 2.) Marino alleges that following the discharge she had "no other *in personam* relationship established or [newly] created" with PNC, nor did she make any requests for

///

---

[1] The original order has been amended to adjust the parenthetical on page four, lines 27 and 28. The parenthetical now appears on page five, lines one and two.

credit from PNC. *Id.* Nonetheless, without new authorization from Marino, PNC obtained her consumer report information on more than one occasion. Marino particularly takes issue with PNC's alleged contention that it had a legitimate purpose for accessing her credit information because her account was in default and subject to collection. Marino contends that without additional authorization, or any credit requests, PNC had no legitimate purpose for accessing her credit information because she no longer owed any debt to PNC after the discharge.

In sum, Marino claims PNC violated her the FCRA by accessing her consumer report without a permissible purpose under 15 U.S.C. § 1681b, and that PNC's conduct constitutes a willful or negligent violation of the FCRA. She insists PNC's conduct was a breach of her privacy, and that she felt vulnerable and suffered distress as a result.

### III.     LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a

plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

## IV. DISCUSSION

Congress enacted the FCRA upon recognizing the need to, among other things, "protect consumer privacy." *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA was a response to concerns about corporations finding increasingly sophisticated ways to use consumers' personal information. *Syed v. M-I, LLC*, 853 F.3d 492, 496 (9th Cir. 2017) (Fair Credit Reporting Act of 1970, Pub. L. 91-508, § 602, 84 Stat. 1114, 1128). Consequently, the FCRA sets forth when consumer information may be shared with others, providing a list of permissible purposes. *See* 15 U.S.C. § 1681b. It also provides civil liability for violations that are either willful, *id.* at § 1681n, or negligent, *id.* at § 1681o, or for obtaining a consumer report "under false pretenses," *id.* at § 1681q.

PNC seeks dismissal, arguing that it had a permissible purpose for obtaining Marino's information, and also that Marino has failed to allege an impermissible purpose. (ECF No. 47 at 6–10.) The Court concludes it need not consider the latter part of the conjunctive if it finds the former—that PNC had a permissible purpose, based on the allegations in the FAC.

PNC next contends that Marino fails to allege that PNC obtained her consumer report under false pretenses and implausibly alleges that PNC acted willfully or negligently

3

in obtaining her information. (*Id.* at 10–13.) It seems apparent to the Court that finding a permissible purpose would end the Court's inquiry. Marino does not claim—nor could she—that PNC's conduct may be permissible under the FCRA, but nonetheless constitutes a willful negligent violation under the FCRA. In fact, the Ninth Circuit has elucidated on this point relative to the "false pretenses" inquiry: "The standard for determining when a consumer report has been obtained under false pretenses will usually be defined in relation to the permissible purposes of consumer reports which are enumerated in 15 U.S.C. § 1681b." *Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir. 1978). This is because consumer report information can only be issued for a permissible purpose. *See id.* Therefore an impermissible issuance would result only by using false pretense, which in turn would result in liability under either § 1681n or § 1681o—for willful or negligent violation of the FCRA. *See id.*

Here, the Court finds that Marino's pleadings forecloses her FCRA claim, by revealing that as a matter of law PNC had a permissible purpose for obtaining her consumer credit information. The FAC specifically alleges that PNC's stated "permissible purpose" was to obtain Marino's credit information because her PNC account was in default and subject to collection. (ECF No. 44 at 4.) Under § 1681b(a)(3)(A), a permissible purpose includes the use of credit information "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit, or review *or collection of an account of, the consumer* . . .."

The FAC also provides that Marino obtained discharge of only her *in personam* liabilities. Marino's apparent belief that PNC no longer had a claim against her related to the collection of her PNC account after the discharge is therefore unavailing. *See, e.g.*, *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving another—namely, an action against the debtor *in rem*."); *Vanamann v. Nationstar Mortgage, LLC* ("*Vanamann I*"), No. 2:15-cv-00906-KJD-NJK, 2017 WL 1097189, *3–4 (D. Nev. Mar. 22, 2017), aff'd sub nom. *Vanamann v. Nationstar*

*Mortgage, LLC* ("*Vanamann II*"), 735 F. App'x 260, 262 (9th Cir. May 18, 2018) (discussing § 1681b(a)(3)(A) in case with similar facts and recognizing that neither the FCRA's plain language nor any Ninth Circuit precedent prohibits a mortgage servicer from obtaining a consumer's credit report after discharge of the consumer's mortgage debt).

While *Vanamann II* expressly assumed that the defendant there "lacked a permissible purpose for checking [the plaintiff's] credit[,]" and therefore appeared to side-step the permissible purpose issue, *Vanamann II*'s analysis nonetheless persuasively, even if unintentionally, decides the issue. 735 F. App'x at 262. Ultimately, in deciding only whether the defendant willfully violated the FCRA, *Vanamann II*'s rationale almost entirely focuses on what is a permissible procurement of a consumer's report by a mortgage servicer after a bankruptcy discharge related to the consumer's mortgage debt. *Id.* *Vanamann II* indicates that, under § 1681b(a)(3)(A), it was permissible for PNC to obtain Marino's credit report for collection purposes after discharge of her *in personam* liability to the bank.[2]

Because, Marino in effect alleges PNC obtained her consumer report information for a permissible purpose—i.e., for collection on the mortgage Marino obtained from PNC, where PNC maintained the right to so collect *in rem*—PNC is entitled to dismissal. Accordingly, the Court grants PNC's Motion and dismisses Marino's FAC.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines

///

---

[2]The parties stayed this case pending resolution of *Vanamann II*. (ECF Nos. 36, 38, 39.) In Marino's short responsive brief, she appears to concede *Vanamann II* forecloses the willful violation issue. (ECF No. 48 at 3.) Marino also fails to specifically oppose PNC's arguments in its Motion that Marino failed to state a claim for violation of § 1681q (under false pretenses) and § 1681o (negligent violation). Therefore, even if the Court confined itself to the narrowest reading of *Vanamann II*—warranting the conclusion that PNC's conduct does not amount to a willful violation of the FCRA—the Court nevertheless would have dismissed Marino's claim for failure to responsively oppose dismissal. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney[s'] fees, constitutes a consent to the granting of the motion.")

that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that PNC's motion to dismiss (ECF No. 47) is granted. Marino's amended complaint (ECF No. 44) is dismissed with prejudice.

The Clerk is directed to enter judgment in accordance with this order and close this case.

DATED THIS 19th day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE